GRB/DHF USAO 2010R00034

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. WDQ-11-0575 |
| v. | * | (Bank Fraud, 18 U.S.C. § 1344; Mail Fraud, 18 U.S.C. § 1341; Identity Theft, 18 U.S.C. § 1028A; Forfeiture) |
| LUIS R. VALLADARES | * | |
| Defendant. | * | UNDER SEAL |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
(Bank Fraud)

The Grand Jury for the District of Maryland charges that:

1. At all times relevant to this indictment, **LUIS R. VALLADARES** resided in Hanover, Maryland. **VALLADARES** was a permanent resident alien in the United States.

2. At times relevant to this Indictment, Fremont Investment & Loan was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

3. At all times relevant to this Indictment, a Uniform Residential Loan Application, Fannie Mae Form 1003 (hereinafter "Uniform Residential Loan Application"), was used by a lending institution to record financial information about an applicant who applied for a conventional one- to four-family mortgage.

4. **VALLADARES** applied for a loan from Fremont Investment & Loan to fund nearly 100% of the purchase of a house located at 13197 Southwest 53rd Street in Miramar, Florida (hereinafter "Florida house").

1

5. While considering his loan application, representatives of Fremont Investment & Loan asked **VALLADARES** to provide certain documentation verifying his income. Amongst other documents, **VALLADARES** provided a false and fraudulent Uniform Residential Loan Application as well as a false and fraudulent lease agreement and three deceptive money orders as evidence that he rented a property that he owned on Florey Road, Hanover, Maryland, to a tenant and received rental income.

## THE CHARGE

6. On or about November 10, 2006, in the District of Maryland, the defendant,

## LUIS R. VALLADARES

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud Fremont Investment and Loan, a financial institution, and to obtain monies, funds and credits owned by and under the custody and control of Fremont Investment and Loan in the approximate amount of $484,900 by means of material false and fraudulent pretenses, representations and promises, by attending a closing at EFS-Real Estate Information Services in Columbia, Maryland, to purchase 13197 Southwest 53rd Street, Miramar, Florida with a mortgage loan supported by false and fraudulent documents.

18 U.S.C. § 1344

## COUNT TWO
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges:

From on or about November 1, 2006, and continuing thereafter until on or about November 3, 2006, in the District of Maryland and elsewhere, defendant,

## LUIS R. VALLADARES

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly possess and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit, the name and the forged signature of a real person with the initials R.H. and the names of two of R.H.'s actual relatives, with the initials F.H. and C.H., to facilitate bank fraud under 18 U.S.C. §1344, as alleged in Count One of this Indictment and incorporated here.

18 U.S.C. § 1028A(a)(1)

## COUNT THREE
(Mail Fraud)

The Grand Jury for the District of Maryland further charges: 1. Paragraphs 1 and 3 of Count One are incorporated here.

2. At times relevant to this indictment, SunTrust Mortgage, Inc., was a wholly-owned subsidiary of SunTrust Bank, incorporated in the Commonwealth of Virginia, and engaged in the business of originating home loans.

3. Beginning in and around September 27, 2007, and continuing until in and around December 7, 2007, in the State of Maryland and elsewhere, **VALLADARES** did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and property from SunTrust Mortgage by means of materially false and fraudulent pretenses, representations and promises.

4. It was a part of the scheme and artifice to defraud that **VALLADARES** applied for two separate loans – a first priority mortgage loan in the amount of $417,000 and a second priority mortgage loan in the amount of $350,000 – from SunTrust Mortgage, Inc., to fund a substantial portion of the purchase of a house located at 1603 Chapel Ridge Court in Hanover, Maryland (hereinafter "Maryland house").

5. It was a further part of the scheme and artifice to defraud that **VALLADARES** attended a closing for the purchase of the Maryland house and during the closing **VALLADARES** signed certain false documents, including two Uniform Residential Loan Applications (one application for the first priority mortgage loan and the second application for the second priority mortgage loan).

6. It was a further part of the scheme and artifice to defraud that **VALLADARES** provided the following false and fraudulent information on each of the Uniform Residential Loan Applications that he signed at the closing:

    a.     **VALLADARES** omitted the Florida house from the list of properties owned, even though title to the Florida house remained in his name on December 6, 2007.

    b.     **VALLADARES** reported owning a property on 3833 Wildlife Lane, which is located in Burtonsville, Maryland, and earning $2,400 in gross rental income from the property, when at the time the application was signed he did not own a property located at 3833 Wildlife Lane and received no rental income from any such property.

## THE CHARGE

7.     On or about December 7, 2007, in the District of Maryland, the defendant,

## LUIS R. VALLADARES

for the purpose of executing, and attempting to execute, a scheme and artifice to defraud, did knowingly cause Diversity Title & Escrow Company, Rockville, Maryland, to deposit with FedEx Corporation, a commercial interstate carrier, to be sent and delivered to SunTrust Mortgage, Inc. in Richmond, Virginia, an envelope containing the settlement documents for the Maryland house.

18 U.S.C. § 1341
18 U.S.C. § 2

## FORFEITURE ALLEGATION
(Forfeiture of Mail and Bank Fraud Proceeds)

1. Counts One and Three of this Indictment are incorporated here for the purpose of alleging forfeiture.

2. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), 1956(c)(7), & 1961(1); Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461(c), in the event of **VALLADARES'** conviction under Count One or Count Three of this Indictment.

3. As a result of the offense charged in Count One, bank fraud, and Count Three, mail fraud the defendant,

## LUIS VALLADARES

shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the alleged offenses, including, but not limited to:

> 1. Money Judgment
> $1,251,900, which represents a sum of money equal to an amount of property constituting, or derived from proceeds obtained, directly or indirectly, as the result of the offenses alleged in Counts One and Three

By virtue of the commission of the felony offenses charged in Counts One and Three of this Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses is vested in the United States and hereby forfeited to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

## Substitute Assets

4. If, as a result of any act or omission of the defendant, any proceeds subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to but not exceeding $1,242,300.49.

5. The property of the defendant subject to forfeiture shall include but not be limited to the following as substitute assets:

    a. Real property located at 6000 Florey Road in Hanover, Maryland;

    b. Real property located at 9536 Donnan Castle Court in Laurel, Maryland; and

    c. The assets of any company owned or controlled by **LUIS VALLADARES** primarily engaged in the business of cleaning, painting, and repairing drywall in commercially owned or managed residential apartments, including businesses that have formerly been formed under the names Amazing Cleaning, Amazing Contractors, and Sunrise Cleaning Company, Inc. These assets include, among others:

1. 2010 Ford Explorer Sport Truck with VIN #1FMEU5DE5AUF01534);

2. 2008 Infiniti G37 Coupe with VIN #JNKCV64EX8M100665); and

3. 2007 Acura MDX SUV with VIN #2HNYD28837H520092.

18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)
18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)
18 U.S.C. § 1956(c)(7)
18 U.S.C. § 1961(1)
21 U.S.C. § 853

*Rod J. Rosenstein* (signature)
Rod J. Rosenstein
United States Attorney

**SIGNATURE REDACTED**
Foreperson

Date: 8/25/11